# UNITED STATES DISTRICT COURT

## District of Kansas

UNITED STATES OF AMERICA,

Plaintiff,

v.

CASE NO. 26-20077-HLT/JBW

BISAAM GHAFOOR,
BAREEN DZAYEE,
and
ELIAS SHAMSLADEEN,

Defendants.

## MOTION FOR DESIGNATION AS COMPLEX CASE

The United States respectfully requests that the Court designate this case as complex for the purpose of calculating deadlines under the Speedy Trial Act. In support of this request, the United States provides the following.

1. Defendants Ghafoor, Shamsaldeen and Dzayee, through counsel, do not oppose this request.

2. Defendants are charged in a one-count indictment with conspiracy to provide material support to a designated foreign terrorist organization in violation of 18 U.S.C. § 2339B.

3. When calculating deadlines under the Speedy Trial Act, this Court should exclude any period of delay resulting from any continuance required in the interest of justice. *See* 18 U.S.C. § 3161(h)(7)(A). Such exclusions require that the Court find that the interests of justice outweigh the best interest of the public and the defendants in a speedy trial. *Id.*

4. Although delay resulting from a continuance granted by the district court is not automatically excluded from the Speedy Trial Act's seventy-day time limit under 18 U.S.C. § 3161(h)(1), subsection (h)(7) provides "[m]uch of the Act's flexibility," *Zedner v. United States*, 547 U. S. 489, 498 (2009), and gives district courts "discretion . . . to accommodate limited delays for case-specific needs," *id.* at 499. Delay granted under the ends-of-justice exception may be excluded if the district court makes the findings required by 18 U.S.C. 3161(h)(7). *Bloate v. United States*, 130 S. Ct. 1345, 1357-58 (2010).

5. Several factors should be considered in deciding whether to grant an ends-of-justice continuance under subsection (h)(7)(A), including "[w]hether the failure to grant such continuance in the proceeding would . . . result in a miscarriage of justice," and

> [w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

18 U.S.C. §§ 3161(h)(7)(B)(i) and 3161(h)(7)(B)(ii).

6. The following aspects of this case render it sufficiently complex that it cannot be fairly tried within the seventy-day period generally mandated by the Speedy Trial Act.

a. The discovery includes more than two terabytes of data, including search warrant returns from social media companies (over 127,000,000 messages and other media) and data seized from devices. This volume of discovery will take defense counsel a significant amount of time to process, review, analyze, and discuss with their respective client.

b. Search warrants executed on the defendants' residences resulted in the seizure of more than 16 devices that had to be forensically imaged and reviewed, a process that is still ongoing.

c. There are approximately 300 hours of recordings which, pursuant to a protective order, the Government will make available for review. These recorded conversations include one or more of the defendants. Reviewing this volume of recorded conversations will take substantial time.

d. The government has filed a pleading regarding the Classified Information Procedures Act, 18 U.S.C. App. III ("CIPA"). This process associated with CIPA requires additional evaluation and careful consideration of materials associated with this case. CIPA provides another layer of

complexity and legal issues not regularly present in federal criminal prosecutions that will necessitate additional research and processes before trial may commence.

e. Counsel for Defendants Ghafoor, Shamsaldeen, and Dzayee have consulted with their clients, who understand the implication of this motion on their rights to a speedy trial. Defendants Ghafoor, Shamsaldeen, and Dzayee do not object to the designation of this case as complex and the tolling or exclusion of the Speedy Trial Act time.

Accordingly, the parties request that this Court designate this case as complex for the purpose of calculating deadlines under the Speedy Trial Act.

Respectfully Submitted,

RYAN A. KRIEGSHAUSER
UNITED STATES ATTORNEY

By: */s/ Scott C. Rask & Michelle McFarlane*
Scott C. Rask & Michelle McFarlane
Assistant United States Attorneys
District of Kansas
500 State Avenue, Suite 360
Kansas City, Kansas 66101
(913) 551-6730
(913) 551-6541 (fax)
Scott.Rask@usdoj.gov
Ks. S. Ct. No. 15643
Michelle.McFarlane@usdoj.gov

Ks. S. Ct. No. 26824

/s/ *Justin Sher & Jayhoun Rezai*
Justin Sher & Jayhoun Rezai
Trial Attorneys
Counterterrorism Section
National Security Division
950 Pennsylvania Avenue, NW
Room 7645A
Washington, D.C. 20530
(202) 353-3909
(202) 514-8714 (fax)
Justin.Sher@usdoj.gov
DC Bar No. 974235
Jay.Rezai@usdoj.gov
DC Bar No. 252603

## Certificate of Service

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

August 24, 2026

/s/ *Michelle McFarlane*
Michelle McFarlane
*Assistant United States Attorney*