IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**BISAAM GHAFOOR,**

**BAREEN DZAYEE,**
**and**
**ELIAS SHAMSALDEEN,**

**Defendants.**

**Case No. 26-20077-HLT**

**GOVERNMENT'S NOTICE OF INTENT TO INVOKE THE CLASSIFIED INFORMATION PROCEDURES ACT ("CIPA") AND REQUEST TO DESIGNATE A CLASSIFIED INFORMATION SECURITY OFFICER ("CISO")**

The United States of America, by and through undersigned counsel, hereby informs the Court and defendants Bisaam Ghafoor, Bareen Dzayee, and Elias Shamsaldeen ("Defendants") of the applicability of the Classified Information Procedures Act, 18 U.S.C. App. III ("CIPA"), to issues relating to classified information that may arise in this case. The government provides such notice pursuant to Section 2 of CIPA. In addition, the government respectfully requests that the Court designate a Classified Information Security Officer ("CISO") for this case.

Defendants Ghafoor, Dzayee, and Shamsaldeen through respective counsel, take no position on this notice and request.

## Introduction

Defendants are charged with conspiring to provide material support and resources to a designated foreign terrorist organization, in violation of 18 U.S.C. § 2339B, based on their

agreement with each other to provide material support to the Islamic State of Iraq and al-Sham ("ISIS"), a designated foreign terrorist organization, including through the provision of personnel, services, and money, such as collectively providing approximately $2,040 to an individual they believed to be an ISIS member for the purpose of purchasing rocket-propelled grenades ("RPGs") and drones, which, in turn, Ghafoor, Dzayee, and Shamsaldeen understood would be used to attack and kill U.S. servicemembers deployed overseas. *See generally* Doc. 23, Indictment. The United States anticipates that this case will implicate issues relating to classified information.

Accordingly, the government is filing this notice to apprise the Court of the applicability of CIPA to this case. *See* 18 U.S.C. App. III, § 2. Section 2 of CIPA contemplates a pretrial conference to address timing and other matters related to classified information (either on a party's motion or at the Court's discretion). The government is not seeking to schedule such a conference yet, but is available for such a conference if it would be of assistance to the Court or defense.

CIPA's procedural framework is generally summarized below.

## <u>CIPA's Procedural Framework</u>

***Background.*** CIPA sets forth procedures for protecting classified information in criminal proceedings. "Classified information," as referred to in CIPA, includes "any information or material that has been determined by the United States Government pursuant to an Executive order, statute, or regulation, to require protection against unauthorized disclosure for reasons of national security[.]" 18 U.S.C. App. III, § 1(a). "National security" means the national defense and foreign relations of the United States. *Id.* § 1(b). The Supreme Court has acknowledged the importance of protecting the nation's secrets from disclosure, noting that "[t]he Government has a compelling interest in protecting both the secrecy of information important to our national security and the appearance of confidentiality so essential to the effective operation of our foreign intelligence

service." *CIA v. Sims*, 471 U.S. 159, 175 (1985); *accord Chicago & S. Air Lines, Inc. v. Waterman S.S. Corp.*, 333 U.S. 103, 111 (1948) ("The [executive branch] has available intelligence services whose reports are not and ought not to be published to the world.").[1] Accordingly, federal courts have long recognized that "[i]t is not in the national interest for revelation of either the existence or the product of [foreign intelligence operations and information] to extend beyond the narrowest limits compatible with the assurance that no injustice is done to the criminal defendant[.]" *United States v. Lemonakis*, 485 F.2d 941, 963 (D.C. Cir. 1973).

CIPA was enacted "to prevent the problem of 'graymail,' where defendants pressed for the release of classified information to force the government to drop the prosecution." *United States v. Sarkissian*, 841 F.2d 959, 965 (9th Cir. 1988). Consequently, CIPA establishes a set of procedures by which federal courts rule on pretrial matters concerning the discovery, admissibility, and use of classified information in criminal cases. *See id.* These procedures "harmonize a defendant's right to obtain and present exculpatory material upon his trial and the government's right to protect classified material in the national interest." *United States v. Muhtorov*, 20 F.4th 558, 628 (10th Cir. 2021).

Notably, "CIPA does not expand or restrict established principles of discovery and does not have a substantive impact on the admissibility of probative evidence." *United States v. Sedaghaty*, 728 F.3d 885, 903 (9th Cir. 2013). As the Tenth Circuit has explained, "CIPA does not give rise to an independent right to discovery," but rather "provides guidance to trial judges applying [Rule 16(d) of the Federal Rules of Criminal Procedure] where confidential information is involved." *Muhtorov*, 20 F.4th at 628; *accord United States v. Lustyik*, 833 F.3d 1263, 1271

[1] Internal citations, quotations, and alterations are omitted unless otherwise indicated.

(10th Cir. 2016). "CIPA treats classified information as privileged, meaning that it might not be discoverable even if relevant." *Muhtorov*, 20 F.4th at 628. In other words, CIPA "contemplates an application of the general law of discovery in criminal cases to the classified information area with limitations imposed based on the sensitive nature of the classified information." *United States v. Yunis*, 867 F.2d 617, 621-22 (D.C. Cir. 1989) (explaining that the threshold for discoverability in the context of classified information is whether such information is at least "relevant and helpful to the defense of [the] accused").

***Section 2: Pretrial Conference.*** Section 2 of CIPA authorizes a district court, upon a motion by any party or at its own discretion, to hold a pretrial conference "to consider matters relating to classified information that may arise in connection with the prosecution." *See* 18 U.S.C. App. III, § 2. To facilitate open discussions, Section 2 provides that no admission made in the pretrial conference may be used against the defendant unless it is in writing and signed by both the defendant and counsel. *Id.* In addition, no substantive issues concerning the use of classified information are to be decided in the Section 2 conference. *See* S. Rep. No. 96-823, at 5–6 (1980), *reprinted in* 1980 U.S.C.C.A.N. 4294, 4298–99 (96th Cong. 2d Sess.). As noted above, the government is not seeking to schedule a pretrial conference under Section 2 yet, but is available for such a conference if it would be of assistance to the Court or defense.

***Section 3: Protective Order***. Section 3 of CIPA provides that the district court "shall issue an order to protect against the disclosure of any classified information disclosed by the United States to any defendant in any criminal case[.]" 18 U.S.C. App. III, § 3. CIPA's legislative history provides that the terms of a Section 3 protective order may include, but need not be limited to, the following provisions:

(1) prohibiting the disclosure of the information except as authorized by the court;

> (2) requiring storage of material in a manner appropriate for the level of classification assigned to the documents to be disclosed: (3) requiring controlled access to the material during normal business hours and at other times upon reasonable notice; (4) requiring the maintenance of logs recording access by all persons authorized by the court to have access to the classified information in connection with the preparation of the defense; (5) requiring the making and handling of notes taken from material containing classified information; and (6) authorizing the assignment of government security personnel and the provision of government storage facilities.

S. Rep. No. 96-823 at 6, 1980 U.S.C.C.A.N. at 4299.

Section 3 was intended "to codify the well established practice, based on the inherent authority of federal courts, to issue protective orders," *United States v. Pappas*, 94 F.3d 795, 801 (2d Cir. 1996) (quoting H.R. Rep. No. 96-831, pt. 1, at 26 (1980)), as well as to supplement the district court's authority under Rule 16(d)(1) of the Federal Rules of Criminal Procedure to issue protective orders in connection with the discovery process. In contrast to Rule 16(d)(1)'s discretionary authority, however, Section 3 "makes it clear that protective orders are to be issued, if requested, whenever the government discloses classified information to a defendant in connection with a prosecution, e.g. Brady and Jencks material." *Id.*

***Section 4: Protection of Classified Information***. Section 4, the CIPA provision most likely at issue in this case, governs how courts address and process pretrial matters concerning the discoverability of classified information in criminal cases. It expressly authorizes *ex parte* filings seeking *in camera* review of classified information that may be discoverable. *United States v. Jumaev*, 20 F.4th 518, 529–30 (10th Cir. 2021); *see also Muhtorov*, 20 F.4th at 621–22 (describing court's *ex parte* and *in camera* review pursuant to CIPA of classified material). Among other things, Section 4 permits the Court, "upon a sufficient showing," to authorize the government "to delete specified items of classified information" from "discovery under the Federal Rules of Criminal Procedure." 18 U.S.C. App. III, § 4. This section also provides that the Court may

authorize the government "to substitute a summary of the information for such classified documents" or "to substitute a statement admitting relevant facts that the classified information would tend to prove." *Id*.

Relatedly, Rule 16(d)(1) of the Federal Rules of Criminal Procedure also provides that, "[u]pon a sufficient showing," a district court "may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). Thus, Section 4 did not grant district courts new authority regarding criminal discovery, but instead was intended to "clarif[y] district courts' powers under Federal Rule of Criminal Procedure 16(d)(1) to issue protective orders denying or restricting discovery for good cause." *Lustyik*, 833 F.3d at 1271. In essence, Section 4 allows the government to request that a court review, *ex parte* and *in camera*, classified information to determine whether it is discoverable and, if it is discoverable, to protect such information from disclosure. *See Muhtorov*, 20 F.4th at 628–29.

The Tenth Circuit has explained the process and standards governing a district court's evaluation of a Section 4 motion as follows: *first*, the district court "must ensure that the information the government seeks to protect crosses the low hurdle of relevance"; *second*, "the court should determine if the assertion of privilege by the government is at least a colorable one"; *third*, "the district court must determine if the evidence is material, meaning helpful to the defense of an accused"; and *fourth*, if the government's assertion of privilege is colorable and the classified information is not relevant *and* helpful, the court should enter a protective order permitting the government to "delete" the information from discovery. *Id.* "If the court enters an order granting relief," then the entire text of any *ex parte in camera* pleadings "shall be sealed and preserved in the records of the court to be made available to the appellate court in the event of an appeal." 18 U.S.C. App. III § 4.

Defendants do not have a due process right to know or have access to the classified information the government seeks to delete from discovery. *United States v. Mejia*, 448 F.3d 436, 458 (D.C. Cir. 2006) (finding no constitutional bar to proceeding *ex parte* under CIPA § 4). Nor is defense counsel entitled to access that information simply because he or she holds a security clearance. *Muhtorov*, 20 F.4th at 649. To the extent a court holds a hearing to rule on a Section 4 motion, such a hearing should be *ex parte*. *See* H.R. Rep. No. 96-831, at 27 n.22 (1980) ("[S]ince the government is seeking to withhold classified information from the defendant, an adversary hearing with defense knowledge would defeat the very purpose of the discovery rules."); *accord United States v. Klimavicius-Viloria*, 144 F.3d 1249, 1261 (9th Cir. 1998). The CISO assists with setting up appropriate facilities for a classified Section 4 hearing. *See infra.*

***Sections 5 and 6: Defendant's Intent to Disclose and Evidentiary Rulings.*** CIPA also provides procedures for when a party reasonably expects to disclose or cause the disclosure of classified information in connection with trial or pretrial proceedings.

Section 5 requires a defendant to provide timely written notice to the court and the government describing any classified information that the defense reasonably expects to disclose. *See* 18 U.S.C. App. III, § 5(a). Notification must take place "within the time specified by the court or, where no time is specified, within thirty days prior to trial." *Id.* Although the description of the classified information may be brief, it "must be particularized" and set forth the specific classified information that "the defendant reasonably believes to be necessary to his defense." *See United States v. Collins*, 720 F.2d 1195, 1199 (11th Cir. 1983). The defendant must provide formal notice under Section 5 even if the government believes or knows that the defendant may assert a defense involving classified information. *See United States v. Badia*, 827 F.2d 1458, 1465–66 (11th Cir. 1987).

Section 5 prohibits a defendant from disclosing any classified information in a trial or pretrial proceeding until such notice has been given, the government has had the opportunity to seek a determination pursuant to Section 6 (discussed further below), and any interlocutory appeal by the government under Section 7 has been decided (or the time for filing such an appeal has expired). *See* 18 U.S.C. App. III, § 5(a). "If the defendant fails" to provide the requisite pretrial notice, "the court may preclude disclosure of any classified information not made the subject of notification[,] and may prohibit the examination by the defendant of any witness with respect to any such information." *Id.* at § 5(b).

Section 6 describes the procedures by which the court, upon a request by the United States, conducts a hearing to make determinations of "use, relevance, or admissibility of classified information[.]" *See* 18 U.S.C. App. III, § 6. If either the government or the defense seeks to introduce or cause disclosure of classified information, the government may move to protect that information. First, Section 6(a) provides that upon the motion of the government, the court must hold a hearing "to make all determinations concerning the use, relevance, or admissibility of classified information that would otherwise be made during the trial or pretrial proceeding." *Id.* § 6(a). The hearing is to be held *in camera* "if the Attorney General certifies that a public proceeding may result in the disclosure of classified information." *Id.* If the government's Section 6(a) motion is filed before trial or a pretrial proceeding, "the court shall rule [on the use, relevance, or admissibility of the classified information at issue] prior to the commencement of the relevant proceeding." *Id.*

Section 6(b) requires that before any hearing is conducted under Section 6(a), the government must notify the defendant of the hearing and identify the classified information at issue. *Id.* § 6(b)(1). If the information was not previously made available to the defendant, the

government may, with the court's approval, provide a generic description of the material to the defendant. *Id.* Thus, as Congress recognized in enacting CIPA, "the government would not have to disclose the identity of an undercover intelligence agent not previously disclosed to the defendant; instead, the government would describe the information as 'the identity of an undercover intelligence agent' if this meets with court approval." S. Rep. No. 96-823, at 8, *reprinted in* 1980 U.S.C.C.A.N. at 4301.

If the defense has indicated that it intends to seek to introduce into evidence classified information and the government seeks to protect that information from disclosure, the court at the Section 6(a) hearing considers the defense proffer and the arguments of counsel, then rules whether the classified information identified by the defense may appropriately be admitted as evidence. *See United States v. Smith*, 780 F.2d 1102, 1105 (4th Cir. 1985). Following the Section 6(a) hearing, the Court must state in writing the reasons for its determination as to "each item of classified information." *See* 18 U.S.C. App. III, § 6(a); *see also United States v. Marshall*, 2021 WL 2691028 (D. Mont. June 22, 2021) (analyzing fifteen topics of expected classified testimony offered by the defendant, finding all classified testimony inadmissible under either Section 5 or Section 6, and preparing written findings on each topic of testimony). If, after an *in camera* hearing, "the court determines that the classified information at issue may not be disclosed or elicited" during the proceeding, the record of the hearing must be sealed and preserved for use in the event of an appeal. 18 U.S.C. App. III, § 6(d).

In the event the court finds one or more specified items of classified information to be properly admitted, the government may propose a "substitution" for the classified information at issue. 18 U.S.C. App. III, § 6(c)(1). That is, in lieu of the classified information's disclosure in a proceeding, the government may move the court to substitute for the information "[1] a *statement*

admitting relevant facts that the specific classified information would tend to prove," or "[2] a *summary* of the specific classified information." *Id.* (emphasis added). The district court "shall grant such a motion [for substitution] if it finds that the statement or summary will provide the defendant with substantially the same ability to make his defense as would disclosure of the specific classified information." *Id.*

If the court denies a government motion for substitution under Section 6(c), CIPA permits the government, by affidavit from the Attorney General, to object to the disclosure of the classified information at issue. *Id.* § 6(e)(1). Upon the government's filing of the Attorney General's affidavit, the court "shall order that the defendant not disclose or cause the disclosure of such information," *id.*, and may impose a sanction against the government to compensate for the defendant's inability to present proof of the specific item of classified information. *See* S. Rep. 96-823 at 9, 1980 U.S.C.C.A.N. at 4302-3. Section 6(e)(2) provides a sliding scale of possible sanctions, which include dismissal of specific counts, finding against the government on an issue to which the classified information related, striking or precluding testimony of a witness, or dismissing the indictment. 18 U.S.C. App. III § 6(e)(2). An order imposing a sanction shall not take effect until the government has the opportunity to appeal the order under Section 7 and thereafter withdraw its objection to the disclosure of the information. *Id.*

Whenever the court rules at a Section 6(a) hearing that classified information is admissible, the court must require the government to provide the defendant with information it expects to use to rebut the classified information "unless the interests of fairness do not so require." *Id.* § 6(f). The court may place the United States under a continuing duty to disclose rebuttal information. *Id.* If the government fails to comply, the court may exclude the rebuttal evidence and prohibit the government from examining any witness with respect to such information. *Id.*

***Section 7: Interlocutory Appeal.*** Section 7 permits the government to take an interlocutory expedited appeal to the appellate court if the district court: (a) authorizes "the disclosure of classified information;" (b) imposes "sanctions for nondisclosure of classified information;" or (c) refuses to issue "a protective order [sought by the government] to prevent the disclosure of classified information." *See* 18 U.S.C. App. III, § 7(a). If an appeal is taken, trial shall not commence, or must be adjourned if already commenced, until the appeal is resolved. 18 U.S.C. App. III, § 7(b). Such an appeal and decision does not affect the defendant's right to lodge a subsequent appeal of an adverse ruling by the trial court upon a conviction. *Id.*

***Section 8: Procedures for Introducing Classified Information in Proceedings.*** Section 8 establishes additional protections and procedures governing the introduction of classified information into evidence. 18 U.S.C. App. III, § 8. Section 8(a) provides that classified documents "may be admitted into evidence" without changing their classification status. *Id.* To "prevent unnecessary disclosure of classified information," Section 8(b) permits the court to "order admission into evidence of only part of a writing, recording, or photograph," or the entirety of such items with all or part of the classified information contained therein excised, unless fairness requires that the entirety of the relevant item be considered. *Id.*

Finally, Section 8(c) provides a procedure to address issues presented by any "question or line of inquiry that may require a witness to disclose classified information" not previously deemed admissible. *Id.* § 8(c). If the government poses an objection to the examination, the court "shall take suitable action to determine whether the response is admissible as will safeguard against the compromise of any classified information," to include requiring a proffer from the government of the anticipated response and a proffer from the defendant of the information sought to be elicited. *Id.* In effect, this procedure supplements the notice requirement under Section 5, and the hearing

provided for in Section 6(a), to account for situations that cannot be addressed adequately by those provisions, *e.g.*, where defense counsel does not realize that the answer to a given question will reveal classified information. *See* S. Rep. No. 96-823, at 11, *reprinted in* 1980 U.S.C.C.A.N. at 4304-05.

***Section 9: Security Procedures***. Section 9 of CIPA requires "the Chief Justice of the United States, in consultation with the Attorney General, the Director of National Intelligence, and the Secretary of Defense," to "prescribe rules establishing procedures" to protect "against unauthorized disclosure of any classified information in the custody of" United States courts. 18 U.S.C. App. III, § 9(a). As explained further below, those rules provide, among other things, for the appointment of Classified Information Security Officers to assist federal courts with the transmission and safeguarding of classified material.

***Conclusion***. As noted above, the government is not seeking to schedule a pretrial conference under Section 2 yet, but is available for such a conference if it would be of assistance to the Court or defense.[2]

**Request to Designate Classified Information Security Officer**

In anticipation of the issues raised by this notice, the government requests that the Court designate a Classified Information Security Officer ("CISO") pursuant to Section 2 of the Revised Security Procedures established under Pub. L. 96-456, 94 Stat. 2025, by the Chief Justice of the United States and promulgated pursuant to Section 9 of CIPA. That section provides:

> In any proceeding in a criminal case or appeal therefrom in which classified information is within, or is reasonably expected to be within, the custody of the court, the court will designate a "classified information security officer." The Attorney General or the Department of Justice Security Officer will recommend to the court a person qualified to serve as a classified information security officer. This individual

[2] Should the Court order further submissions on CIPA's application to this case, or the convening of a Section 2 pretrial conference, the government will respond forthwith.

> will be selected from the Litigation Security Group, Security and Emergency Planning Staff, Department of Justice, to be detailed to the court to serve in a neutral capacity.

Revised Security Procedures established under Pub. L. 96-456, 94 Stat. 2025 § 2.

CISOs designated pursuant to this process are responsible for the security of all classified information in the Court's custody and for assisting the Court with appropriate security clearances for the Court's staff, as well as the handling and storage of any classified materials (to include pleadings and related filings in connection with CIPA proceedings). *See id.*

As set forth in the attached proposed order, the United States recommends that the Court designate Matthew W. Mullery, Security Specialist, for the position of CISO in this case. The government further recommends security specialists Jennifer H. Campbell, Janis D. Elksnitis, Calvin Fontilla, Daniel O. Hartenstine, Daniella M. Medel, William S. Noble, and Winfield S. "Scooter" Slade, as alternate CISOs.

Respectfully submitted,

RYAN A. KRIEGSHAUSER
UNITED STATES ATTORNEY

*/s/ Scott C. Rask & Michelle McFarlane*
Scott C. Rask & Michelle McFarlane
Assistant United States Attorneys
500 State Avenue, Suite 360
Kansas City, Kansas 66101
(913) 551-6730
(913) 551-6541 (fax)
Scott.Rask@usdoj.gov
Kan. S. Ct. No. 15643
Michelle.McFarlane@usdoj.gov
Kan. S. Ct. No. 26824

*/s/ Justin Sher & Jayhoun Rezai*
Justin Sher & Jayhoun Rezai
Trial Attorneys
Counterterrorism Section

National Security Division
950 Pennsylvania Avenue, NW
Washington, D.C. 20530
(202) 353-3909
(202) 514-8714 (fax)
Justin.Sher@usdoj.gov
D.C. Bar No. 974235
Jay.Rezai@usdoj.gov
D.C. Bar No. 252603

**CERTIFICATE OF SERVICE**

I certify that on August 25, 2026, I electronically filed this Notice with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to those attorneys who have entered their appearance in the case.

*/s/ Scott C. Rask*
Scott C. Rask
Assistant United States Attorney