**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**BISAAM GHAFOOR, BAREEN DZAYEE, and ELIAS SHAMSALDEEN,**

**Defendants.**

**Case No. 2:26-cr-20077-HLT**

**PROTECTIVE ORDER**

The parties jointly move for a protective order under Federal Rules of Criminal Procedure 16(d)(1). Doc. 53. The Court reviewed the motion and finds good cause to grant the relief requested. Specifically, the Court finds a protective order will expedite the flow of discovery material between the parties, facilitate the prompt resolution of disputes over confidentiality, and adequately protect information entitled to be kept confidential.

The Court further finds the discovery includes information regarding particular undercover witnesses, personal identifying information for various individuals, and material subject to the Privacy Act, 5 U.S.C. § 552a, which is all properly subject to a protective order due to the privacy and security risks posed by the dissemination of such information.

The Court further finds these terms within this Protective Order have the following meanings.

1. "Parties" are the government's prosecutors, the individual defendants, and the defendants' respective counsel of record.

2. "Discovery Materials" includes all reports, notes, recordings, data, spreadsheets, etc. provided as discovery in this case to defense counsel. All "Discovery

Materials" are subject to the Protective Order, whether it contains "Confidential Information" or not.

3. "Undercover Witness Materials" includes any information relating to a Confidential Human Source ("CHS"), Undercover Employee/Online Covert Employee ("OCE"), or a Cooperating Witness's (such as a "tipster") prior history of cooperation with law enforcement, criminal history, statements, or any information that could be used to identify the Undercover Witness such as a name, actual name, cover name, alias, identifier, online account name, username, image, address, date of birth, unique personal identification number, account number, telephone number, descriptors, photographs, audio recordings, or video recordings.

4. "PII Material" (personal identifying information) includes any information that can be used to identify a person such as a name, address, date of birth, social security number, driver's license number, telephone number, account number, email address, username, or personal identification number.

5. "Confidential Information" refers to any document or information containing Undercover Witness Materials or PII Materials that the government produces to the defense in this case and any copies thereof.

6. "Defense Team" includes the following: (1) each defendant's counsel of record ("defense counsel"); (2) other attorneys at defense counsel's law firm who may be consulted regarding case strategy in this case; (3) defense investigators who are assisting defense counsel with this case; (4) retained experts or potential experts; and (5) paralegals, legal assistants, and other support staff to defense counsel who

are providing assistance on this case. The Defense Team does not include a defendant, a defendant's family members, or any other associates of a defendant.

7. "AI tool" means any automated system that uses statistical modeling, machine learning, or similar techniques to process inputs and generate outputs, recommendations, or predictions, including but not limited to large language models, generative AI services, or AI-assisted software tools, whether cloud-based or otherwise.

THE COURT THEREFORE ORDERS that the parties and Defense Teams in this case are bound to the following restrictions for "Discovery Materials," "Undercover Witness Materials," "PII Material," and "Confidential Information."

1. No person or entity authorized to have access to the discovery materials shall input, transmit, upload, process, generate output from, or otherwise expose any Discovery Materials to any AI tool without prior written consent from the government. To obtain authorization for the otherwise prohibited use of an AI tool, defense counsel must submit a written request to the government. In any request for written authorization, defense counsel must specifically identify and describe any AI tool to be used and certify that it does not (i) retain or use any Discovery Materials for model training, nor (ii) expose any Confidential Information to third parties not authorized under this Protective Order to receive such materials. In addition, defense counsel must certify that (i) defense counsel has implemented reasonable measures to ensure that any AI tool used will maintain the confidentiality of any Discovery Materials, and (ii) defense counsel will ensure the deletion of all Discovery Materials from the tool at the conclusion of this case. Defense counsel

will be responsible for destroying such information at that time. Under no circumstances will any member of the defense team submit Discovery Materials to a publicly accessible AI system that retains and uses submitted data to train models. Such AI tools pose unique risks to the security and integrity of Discovery Materials, given the practical inability to claw back or delete data once it has been incorporated into a model.

2. The true identities of the Undercover Witnesses may be disguised or redacted in the discovery, including any numbers utilized by the Federal Bureau of Investigation that are assigned to the Undercover Witnesses.

3. The aliases, online monikers, and personas of the Undercover Witnesses may be redacted in the discovery.

4. Allow the digital obscurity of the facial image of the Undercover Witnesses on any video recordings.

5. No defendant shall be permitted to make any notes or other record of PII.

6. Neither a Defense Team nor a defendant may publish or disseminate Discovery Materials, discovery documents, or the information contained within any of the discovery, including the identity and PII of witnesses.

7. The Parties will not disclose, publicly or in any pretrial filing or at any pretrial hearing any Confidential Information unless permitted by the procedures within this Order.

8. The audio and video recordings that include Undercover Witness Materials may only be reviewed by the Defense Teams and the defendants within space made available by the United States Attorney's Office for the District of Kansas.

9. The parties may use Confidential Information only for purposes of this litigation and may only disclose Confidential Information in accord with the procedures set forth in this Order.

10. The defendants may review Confidential Information in the presence of a member of their Defense Team. A defendant's counsel of record must ensure a defendant is never left alone with any Confidential Information. The defendants may see and review Confidential Information but a defendant may not copy, keep, maintain, or otherwise possess any Confidential Information in this case at any time. A defendant must return any Confidential Information to the Defense Team at the conclusion of any meeting at which the defendant is permitted to view the Confidential Information. A defendant may not remove any Confidential Information from the room in which the defendant is meeting with his Defense Team. A defendant may not write down or memorialize any Confidential Information. At the conclusion of any meeting with a defendant, a member of the Defense Team present must take or return all Confidential Information. At no time and under no circumstance will any Confidential Information be left in the possession, custody, or control of a defendant, whether the defendant is incarcerated or not.

11. Defense counsel may provide Confidential Information to members of the Defense Team, but only after defense counsel provided that member of the Defense Team a copy of the protective order. Each member of the Defense Team must sign an Acknowledgement that he/she has reviewed this Order and agrees to be bound by its terms and consents to the jurisdiction of this Court for the purpose of any

proceedings relating to the performance under, compliance with, or violation of this Order.

12. The Defense Team may only use the Confidential Information for the purpose of litigating this criminal case, including any appeal.

13. Defense counsel must maintain a list of persons to whom Confidential Information is disclosed and retain a copy of the Acknowledgement signed by all persons receiving Confidential Information.

14. The parties may use the Confidential Information during their investigation of the allegations, litigation, or introduction as evidence at trial, except that any documents, papers, or pleadings filed with the Court that do the following: (1) quote directly from Confidential Information; (2) summarize or refer to the contents of Confidential Information; (3) attach copies of Confidential Information; or (4) in any other way use Confidential Information, shall be filed under seal. However, if the parties agree to the public filing of the Confidential Information or all Confidential Information is redacted, then it need not be filed under seal. The procedures for use of Confidential Information designated by either party for use in Court during any hearing or trial of this case must be determined by the parties and the Court in advance of the hearing or trial. No party may disclose in open court Confidential Information without prior consideration by the Court.

15. Defense counsel must maintain all Confidential Information in a secure and safe area and must exercise the same standards of due and proper care with respect to the storage, custody, use, and/or dissemination of such information as exercised for his/her own confidential information.

16. In addition to the protections listed above regarding Confidential Information, the following further protections specifically apply to Undercover Witness Materials.

   a. The parties will not publicly disclose the actual or cover name, identifier, or online account name of any Undercover Witness or any other information that could lead to the identity of an Undercover Witness, including photographs, audio recordings, or video recordings in any pretrial filing or at any pretrial hearing in open court.

   b. No one other than the defense counsel may maintain Undercover Witness Material.

   c. Undercover Witness Material will be used solely for the purpose of allowing the Defense Team to prepare a defense and for no other purpose.

17. Within 90 days of any final judgment in this case by the later of the sentencing of a defendant, a defendant's appeal, or dismissal of the indictment with or without prejudice; or within 90 days of the termination of a particular defendant's counsel's representation, defendant's counsel shall return to the United States all Undercover Witness Materials in which an Undercover Witness can be seen, heard, or is discussed in terms that could lead to the revealing the identity of the Undercover Witness, and any copies. Defendants' counsel must return to the United States all Confidential Information and all copies, including any derivative discovery materials (e.g. verbatim transcripts of recordings or transcripts), or must destroy them and certify in writing to counsel for the United States that the materials have been destroyed. Defense counsel reserves the right to petition this Court for an extension of this 90-day period as needed. Defense counsel may maintain work

product containing Confidential Information subject to the requirements of the protective order for ten years following the entry of final judgment and must thereafter destroy any and all such work product.

18. Any failure to designate materials as Confidential Information does not constitute a waiver of a party's assertion that the materials are covered by this Order.

19. This Order does not prevent any party from objecting to discovery that it believes to be otherwise improper. This Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute a ruling on any potential objection to the discoverability or admissibility of any material.

20. Should any Confidential Information be improperly disclosed by a member of a Defense Team or a non-Defense Team member authorized to be in receipt of the Confidential Information, then defense counsel must use his or her best efforts to obtain the return of any such Confidential Information and to bind the recipient of Confidential Information to the terms of this Order and must, within ten business days of the discovery of such disclosure, inform the Court and the United States of the unauthorized disclosure and identify the circumstances.

21. Fed. R. Crim. P. 16(d)(2) provides sanctions for failing to comply with a Court's Order that are just under the circumstances. Both parties must use their best efforts to confer with the opposite parties regarding this Order before seeking relief from the Court, and neither party may seek to have the Court impose sanctions under this Rule without providing notice to the other party at least five business days in advance.

22. Nothing in this Order may prevent any party from seeking modification of this Order. The party seeking modification must first discuss any proposed modifications with opposing counsel and attempt to reach resolution before seeking a modification from this Court.

23. All Confidential Information that may be provided as part of the discovery materials in this case is now and will forever remain the property of the United States.

24. This Order shall survive the termination of this case and will continue in full force and effect thereafter.

IT IS SO ORDERED.

Dated: September 21, 2026

/s/ *Holly L. Teeter*
HOLLY L. TEETER
UNITED STATES DISTRICT JUDGE

**ACKNOWLEDGEMENT OF PROTECTIVE ORDER**

The undersigned acknowledges that he or she has received a copy of the Protective Order in *United States v. Bisaam Ghafoor, Bareen Dzayee, and Elias Shamsaldeen*, D. Kan. No. 26-20077-HLT, has read, understands, and agrees to its terms, and hereby submits to the jurisdiction of the United States District Court for the District of Kansas for the purposes of enforcement of the terms of the Protective Order and the punishment or sanctions of any violations.

Date: ________________________

________________________________
Name

________________________________
Street Address

________________________________
City, State, Zip

________________________________
Telephone Number

________________________________
Email